# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHERI A. KWASNIEWSKI,

          **Plaintiff,**

      v.                             **Case No. 21-CV-415**

KILOLO KIJAKAZI,
**Acting Commissioner of the Social Security Administration,**

          **Defendant.**

---

## DECISION AND ORDER

---

### 1. Introduction

Plaintiff Sheri Kwasniewski filed her initial application for supplemental security income and disability benefits on June 24, 2010. (Tr. 265.) That application was denied initially (Tr. 201) and upon reconsideration (Tr. 212). On April 28, 2011, Kwasniewski requested a hearing. (Tr. 221.) Nearly two years later, on March 15, 2013, administrative law judge Patrick Toal issued an unfavorable decision. (Tr. 12.) The Appeals Council denied review on April 8, 2014. (Tr. 1.)

Kwasniewski filed an action in federal court challenging the Commissioner's decision. (Tr. 1594.) The court remanded the case for further proceedings. (Tr. 1599;

*Kwasniewski v. Colvin*, 14cv664 (E.D. Wis. Aug. 24, 2015).) The Appeals Council then remanded the matter to an ALJ (Tr. 1621), and a supplemental hearing was held on June 3, 2016 (Tr. 1458). On August 30, 2016, administrative law judge Brent Bedwell issued a partially favorable decision, finding Kwasniewski to be disabled as of August 1, 2012, not as of July 28, 2009, as she alleged. (Tr. 1453.) The Appeals Council denied review on September 5, 2017. (Tr. 1446.)

Kwasniewski then filed another action in federal court challenging the Commissioner's decision. (Tr. 2351.) The court again remanded the case for further proceedings. (Tr. 2358; *Kwasniewski v. Saul*, 17cv1445 (E.D. Wis. July, 14, 2020).) The Appeals Council again remanded the matter to an ALJ (Tr. 2367), and another supplemental hearing was held on December 22, 2020 (Tr. 2226). On January 21, 2021, administrative law judge Bedwell issued an unfavorable decision, finding that Kwasniewski was not disabled from July 28, 2009 through July 31, 2012. (Tr. 2247.)

After the Appeals Council denied review, Kwasniewski filed this action on April 1, 2021. (ECF No. 1.) She alleges that she was disabled from July 28, 2009, through July 31, 2012. (ECF No. 21 at 2.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 7), and the matter is ready for resolution.

## 2. ALJ's Decision

In determining whether a person is disabled, an ALJ applies a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one the ALJ

determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The ALJ found that Kwasniewski did not engage "in substantial gainful activity from July 28, 2009, through July 31, 2012." (Tr. 2229.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). The ALJ concluded that from July 28, 2009, through July 31, 2012, Kwasniewski had the following severe impairments: "degenerative disc disease, osteoarthritis, fibromyalgia, sinus infections/respiratory infections, depression/mood disorder, and anxiety." (Tr. 2229.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 416.920(a)(4)(iii), 416.925. If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational requirement, 20 C.F.R. §§ 404.1509, 416.909, the claimant is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that from July 28,

2009, through July 31, 2012, Kwasniewski "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 2231.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In making the RFC finding the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that from July 28, 2009, through July 31, 2012, Kwasniewski had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could never climb ladders, ropes and scaffolds; could perform occasional stooping, crouching, kneeling, crawling and climbing ramps and stairs; must be allowed to change positions between sitting and standing every 30 minutes, for a couple of minutes, before returning to sitting or standing; must avoid exposure to irritants such as fumes, odors, dust, and gases; could perform jobs that were unskilled and involved simple and routine job tasks and instructions; could maintain attention, concentration, persistence and pace for simple and repetitive tasks for two hours at a time over the workday; could perform jobs having only occasional decision-making and occasional changes in work setting; and could have occasional interaction with the public, coworkers and supervisors.

(Tr. 2233.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work.

4

20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560, 416.920(a)(4)(iv), 416.960. The ALJ concluded that from July 28, 2009, through July 31, 2012, Kwasniewski "was unable to perform any past relevant work." (Tr. 2244.)

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). At this step, relying on the testimony of the vocational expert, the ALJ concluded that from July 28, 2009, through July 31, 2012, there were jobs that Kwasniewski could perform, including assembler (Dictionary of Occupational Titles (DOT) Number 734.687-018); table worker (DOT Number 739.687-182); and call out operator (DOT Number 237.367-014). (Tr. 2245.) Therefore, Kwasniewski was not disabled from July 28, 2009, through July 31, 2012. (Tr. 2246.)

## 3. Analysis

Kwasniewski and the Commissioner agree that remand is warranted to reevaluate the medical opinion evidence and Kwasniewski's mental RFC. (*See* ECF No. 21 at 12; ECF No. 25 at 2.) However, Kwasniewski argues that the court should directly award her benefits. (ECF No. 21 at 22.) The Commissioner disagrees. (ECF No. 25 at 2.)

A direct award of benefits is only appropriate when all factual issues have been resolved, *see Israel v. Colvin*, 840 F.3d 432, 441-42 (7th Cir. 2016), and the evidence is not such that it "can yield but one supportable conclusion." *Martin v. Saul*, 950 F.3d 369, 376

(7th Cir. 2020) (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)). The court recognizes that it has been a long process for Kwasniewski. And it is undoubtedly frustrating for her to have to suffer the repeated errors in the assessment of her claim. However, the evidence is not such "that it can yield but one supportable conclusion." On remand, the ALJ may again conclude that Kwasniewski was not disabled from July 2009 through July 2012. But in reaching that decision the ALJ must, as the Commissioner notes, "reevaluate [Kwasniewski's] residual functional capacity, including any restrictions to account for her moderate limitations in concentration, persistence, or pace; reweigh the medical opinion evidence, including Dr. Paquette's opinion, as well as the opinions of state agency reviewing psychologists Roger Rattan, Ph.D., and Jack Spear, Ph.D." (ECF No. 25 at 2.)

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **vacated**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** to determine whether Kwasniewski was disabled during the period of July 28, 2009, through July 31, 2012. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of March, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge